Stephen M. Hopkins, Esq. (#010286)
sh@hopkinslawoffices.com
**HOPKINS LAW OFFICES, P.L.C.**
3101 North Central Avenue, Suite 1250
Phoenix, Arizona 85012
(602) 263-6010
*Attorneys for Plaintiffs*

# U.S. DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| CAMERON SUTCLIFFE; BROCK GORRELL; and GALINA GOROKHOVSKAIA, in her personal capacity and on behalf of all beneficiaries of IAROSLAV GOROKHOVSKI,<br><br>Plaintiffs,<br><br>vs.<br><br>HONEYWELL INERNATIONAL, INC., a foreign corporation; AIRBUS MILITARY S.L., a foreign corporation; EADS Construccions Aeronauticas S.A., a foreign corporation; DOES I through X, inclusive; ABC CORPORATIONS 1-10; XYZ LIMITED LIABILITY ENTITIES 1-10; BLACK PARTNERSHIPS 1-10; WHITE BUSINESS ENTITIES 1-10,<br><br>Defendants. | No. 2:13-cv-01029-PHX-PGR<br><br>**FIRST AMENDED COMPLAINT** |

**GENERAL ALLEGATIONS**

Plaintiffs, for their complaint against Defendants, allege as follows:

1. Plaintiff Cameron Sutcliffe is and was at all times material hereto a resident of Alberta, Canada.

2. Plaintiff Brock Gorrell is and was at all times material hereto a resident of Ontario, Canada.

3. Plaintiff Galina Gorokhovskaia is and was at all times material hereto a resident of Ontario, Canada, represents the beneficiaries of Iaroslav Gorokhovski.

4. Maksim Gorokhovski, the son of Iaroslav Gorokhovski, is and was at all times material hereto a resident of Ontario, Canada.

5. Mark Gorokhovski, the son of Iaroslav Gorokhovski, is and was at all time material hereto a resident of Ontario, Canada.

6. Inna Gorokhovskaia, the mother of Iaroslav Gorokhovski, is and was at all times material hereto a resident of Athens, Georgia.

7. Vikenti Gorokhovski, the father of Iaroslav Gorokhovski, is and was at all times material hereto a resident of Athens, Georgia.

8. Upon information and belief, Defendant Honeywell International, Inc. ("Honeywell"). formerly known as AlliedSignal, Inc., is the manufacturer of gas turbine aircraft engines. At all times material hereto Honeywell is and was incorporated pursuant to the laws of the United States of America, with a principal place of business at 1944 E. Sky Harbor Circle, Phoenix, Maricopa County, Arizona. Honeywell is the successor to Garrett Engine Division, Garrett Turbine Engine Company, AiResearch Manufacturing Company of Arizona, and Garrett AiResearch.

9. Honeywell is the holder of the type and production certificates which apply to TPE331 engines. Honeywell is responsible for the design, manufacture, distribution, and after-market support of TPE331 engines.

10. Defendant EADS Construcciones Aeronauticas, S.A., ("EADS CASA") is a manufacturer of aircraft. EADS CASA is incorporated pursuant to the laws of Spain and maintains a principal place of business at Avendia de Aragon 404, 28022 Madrid. Defendant Airbus Military S.L. is a manufacturer of aircraft. Airbus Military is incorporated pursuant to the laws of Spain and maintains a principle place of business at Avenida Aragon 404, 28022

Madrid, Spain. Airbus Military is the successor to Construcciones Aeronauticas, S.A., and EADS CASA.

11. The true names, capacities and/or relationship of DOES 1 through X, inclusive and each of them are unknown to Plaintiffs at the time of filing this Complaint and Plaintiffs, therefore, sue said Defendants and each of them by said fictitious names and will ask leave of the Court to amend this Complaint to show their true names, capacities and/or relationships when the same have been ascertained. Plaintiffs are informed and believe, and therefore allege, that each Defendant designated herein as Does, ABC Corporation, XYZ limited liability entities, Black Partnerships or White Business Entities may be legally responsible in some manner for events and happenings referred to herein and proximately caused the injuries and damages to Plaintiffs.

12. On or about April 1, 2011, Brock Gorrell and Cameron Sutcliffe (the "Pilots") were the pilots of a CASA C-212-CC40 aircraft, serial number 196, registration C-FDKM (the "Aircraft").

13. Iaroslav Gorokhovski was a passenger in the Aircraft and the operator of onboard geophysical survey equipment.

14. The Aircraft was being used in survey operations to the east of Saskatoon, Saskatchewan.

15. Approximately three hours into the flight, the right engine shuddered and lost power without warning.

16. The Pilots performed the specified emergency procedures in response to the right engine failure.

17. The Pilots flew the Aircraft to the northwest to avoid a group of towers and then flew on a heading to return to the airport.

18. Following the right engine failure, the Aircraft was flown banked into the left engine, in accordance with standard procedures.

19. Approximately fourteen minutes after the right engine failure, the left engine lost power without warning.

20. As a result, the Pilots were forced to carry out an emergency landing without power. The pilots managed to avoid a busy street but on impact, the Aircraft struck a noise abatement wall beside the street. The Aircraft was destroyed by impact with the ground and the noise abatement wall.

21. Iaroslav Gorokhovski was killed on impact. Brock Gorrell and Cameron Sutcliffe sustained personal injuries as a result of the impact.

22. The right engine was a Garrett TPE331-10R-511C, serial number P37186 (The "Right Engine").

23. The Right Engine contained a torque sensor. The torque sensor included an intermediate spur gear with part number 896884-1 (the "Intermediate Spur Gear").

24. The Intermediate Spur Gear was designed to transmit power from the engine's main shaft to the torque sensor shaft and to a gear train which drives engine accessories including the high pressure fuel pump and the fuel control unit.

25. The Intermediate Spur Gear was defectively manufactured. The case hardness of the Intermediate Spur Gear was below design specifications on the gear tooth flanks and root areas. As a result, the gear teeth lacked the specified resistance to wear and fatigue.

26. There were similar manufacturing defects in other components of the torque sensor, including the Second Spur Gear.

27. The Intermediate Spur Gear developed fatigue cracks as a result of normal engine operation. As the gear teeth became more worn, they failed to mesh properly with other gears, leading to excessive vibration and fatigue cracking.

28. The Right Engine failed when the Intermediate Spur Gear and Woodruff key had been weakened by fatigue cracking and failed in overload. As a result of their failure, power was not transmitted to the fuel pump or fuel control unit and the engine flamed out.

29. The left engine was a Garrett TPE331-10R-511C, serial number P37046 (the "Left Engine").

30. The Left Engine was fed fuel from a collector tank located in the rear inboard corner of the left wing.

31. The collector tank was fed fuel from inboard and outboard fuel tanks by a series of ejector pumps.

32. The Number 2 Ejector Pump pumped fuel from the inboard tank to the collector tank. The design of the Number 2 Ejector Pump was defective as it did not incorporate a screen to prevent debris from entering its nozzle. On the day of the accident, its nozzle was partially clogged by a piece of debris.

33. As a result of the reduced fuel flow from the Number 2 Ejector Pump and the bank angle the Aircraft was flown at in response to the Right Engine failure, the fuel in the left collector tank was consumed more quickly than the tank was filled.

34. After approximately fourteen minutes of operation following the Right Engine failure, there was no usable fuel remaining in the collector tank. As a result, the Left Engine flamed out.

35. As a result of the accident, Brock Gorrell sustained serious physical and psychological injuries. Mr. Gorrell has suffered losses and incurred expenses including:

    A. loss of earnings and earning capacity;

    B. expenses for counseling and medical care;

    C. loss of capacity to perform household work; and

    D. loss of enjoyment of life and physical pain and mental suffering.

HOPKINS LAW OFFICES, P.L.C.
3101 NORTH CENTRAL AVENUE, SUITE 1250
PHOENIX, ARIZONA 85012
(602) 263-6010

36. As a result of the accident, Cameron Sutcliffe sustained serious physical and psychological injuries. Mr. Sutcliffe has suffered losses and incurred expenses including:

    A. loss of earnings and earning capacity;

    B. expenses for counseling and medical care;

    C. loss of capacity to perform household work; and

    D. loss of employment of life.

37. Iaroslav Gorokhovski was a devoted husband, father, and son, and enjoyed a close loving relationship with his wife, children, and parents. As a result of his death, Galina Gorokhovskaia and all other beneficiaries have suffered loss, damage and expense, including the following:

    A. past and future loss of financial support;

    B. past and future loss of valuable services;

    C. grief and loss of guidance, care and companionship;

    D. grief counseling expenses; and

    E. funeral expenses and other out-of-pocket expenses incurred as a result of Mr. Gorokhovski's death.

**COUNT ONE**
**(Negligence as to Honeywell)**

38. Plaintiffs re-allege and incorporate by this reference all prior allegations of this Complaint as though fully set forth herein.

39. Honeywell sold TPE331 engines for use in CASA C-212 aircraft. Honeywell owes a duty of care to pilots and passengers in aircraft equipped with TPE331 engines.

40. Honeywell failed to meet the duties required of it as the designer, manufacturer, type certificate holder, production certificate holder, and distributor of the Right Engine.

{11012-001/00333956.3}6

Upon information and belief Honeywell's acts of negligence are or may include:

A. Failing to have a quality system in place to ensure that torque sensor components supplied by John Doe Corporation 1 conformed to their approved design;

B. Failing to have a quality system in place to control manufacturing processes to ensure that torque sensor components conformed to their approved design;

C. Selling the Right Engine torque sensor with components that did not meet design specifications;

D. Specifying and using unreliable processes for case hardening of torque sensor components;

E. Failing to manufacture torque sensor components in accordance with state of the art practices;

F. Failing to inspect and test torque sensor components for adequate case hardness;

G. Failing to properly determine the wear resistance and fatigue life of torque sensor components;

H. Specifying inspection techniques and intervals that were unable to detect wear and cracks in torque sensor components;

I. Failing to have an effective system in place to identify and report failures and defects in torque sensor components that have left its quality control system, including failures and defects identified in service difficulty, incident, and accident reports, warranty claims, and communications with airframe manufacturers, operators, repair stations, pilots, mechanics, transportation safety boards, and civil aviation authorities;

{11012-001/00333956.3}7

HOPKINS LAW OFFICES, P.L.C.
3101 NORTH CENTRAL AVENUE, SUITE 1250
PHOENIX, ARIZONA 85012
(602) 263-6010

J. Failing to warn of the risks of engine failure as a result of defective torque sensor components; and

K. Failing to issue a service bulletin and request the FAA to issue an airworthiness directive instructing operators to remove and replace torque sensors incorporating defective components.

## COUNT TWO
### (Negligence – John Doe Corporation 1)

41. Plaintiffs re-allege and incorporate by this reference all prior allegations of this Complaint as though fully set forth herein.

42. John Doe Corporation 1 manufactured and sold torque sensor components for use in TPE331 engines. John Doe Corporation 1 owes a duty of care to pilots and passengers on aircraft equipped with TPE331 engines incorporating components manufactured by John Doe Corporation 1.

43. John Doe Corporation 1 failed to meet the duties required of it as the manufacturer of components installed in the Right Engine.

44. Upon information and belief, John Doe Corporation 1's acts of negligence are or may include:

A. Failing to have a quality system in place to control manufacturing processes to ensure that torque sensor components conformed to their approved design;

B. Selling torque sensor components that did not meet design specifications;

C. Specifying and using unreliable processes for case hardening of torque sensor components;

D. Failing to manufacture torque sensor components in accordance with

{11012-001/00333956.3}8

state of the art practices; and

E. Failing to inspect and test torque sensor components for adequate case hardness.

**COUNT THREE**
**(Negligence – Airbus Military and EADS CASA)**

45. Plaintiffs re-allege and incorporate by this reference all prior allegations of this Complaint as though fully set forth herein.

46. Airbus Military and EADS CASA each owe a duty of care to pilots and passengers in CASA C-212 aircraft.

47. Airbus Military and EADS CASA failed to meet the duties required of them as the designer, manufacturer, type certificate holder, and distributor of the Aircraft.

48. Upon information and belief, EADS CASA and Airbus Military's acts of negligence are or may include:

A. Failing to conduct adequate test to ensure the Aircraft could be safely operated with one engine inoperative;

B. Designing a fuel system which was incapable of supplying the collector tank with sufficient fuel when the Aircraft was flown banked into the operating engine;

C. Failing to include screens on the ejector pumps;

D. Specifying inspection techniques and intervals that were unable to detect foreign objects in ejector pumps and fuel tanks;

E. Failing to have an effective system in place to identify and report engine failures caused by low fuel levels in collector tanks, including failures identified in service difficulty, incident and accident reports, warranty

claims, and communications with engine and fuel pump manufacturers, operators, repair stations, pilots, mechanics, transportation safe boards, and military and civil aviation authorities;

F. Failing to apply state of the art ergonomics and human factors principles in the design of the cockpit, including the annunciator panel;

G. Designing the annunciator panel with lights grouped by system rather than engine;

H. Specifying inadequate emergency procedures to engine failures;

I. Failing to warn that single engine operations could lead to fuel starvation of the operating engine; and

J. Failing to warn of the risks of debris ingestion by ejector pumps.

**WHEREFORE**, Plaintiffs pray for Judgment against Defendants, and each of them, as follows:

A. For an award of damages to compensate Plaintiffs Cameron Sutcliffe and Brock Gorrell for bodily injury and/or pain, discomfort, suffering, and anxiety already experienced, and/or reasonably probable to be experienced in the future as a result of the injuries; reasonable expenses of necessary medical care, treatment and services rendered; lost earnings to date and/or decrease in earning power in the future, and other special and general damages, in an amount which exceeds jurisdictional limits of this Court to be more specifically proven at trial;

B. For an amount to compensate Plaintiff Galina Gorokhovskaia and the other statutory beneficiaries for the income and services that have already been lost as a result of the death of Iaroslav Gorokhovski, and that are reasonably probable to be lost in the future; the reasonable expenses of funeral and burial; for the loss of love, affection, companionship, care, protection and guidance since the death of Iaroslav Gorokhovski and in the future; and for the pain, grief, sorrow, anguish, stress, shock, and mental suffering already experienced and

{11012-001/00333956.3}10

reasonably probable to be experienced in the future in an amount which exceeds the jurisdictional limits of this Court to be more specifically proven at trial;

  C. For an award of Plaintiffs' taxable costs incurred herein pursuant to A.R.S. § 12-341; and

  D. For such other and further relief as the Court deems just and proper under the circumstances.

  **DATED** this 17th day of July 2013.

            **HOPKINS LAW OFFICES, P.L.C.**

            */s/ Stephen M. Hopkins*_____
            Stephen M. Hopkins
            3101 N. Central Ave., Suite 1250
            Phoenix, AZ 85012
            *Attorneys for Plaintiffs*

**ORIGINAL** of the foregoing electronically e-filed
on this 17th day of July, 2013;

**COPY** electronically delivered this
same date to:

Aaron S. Welling
PERKINS COIE LLP
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788
*Attorneys for Defendant Honeywell International Inc.*

**COPY** of the foregoing mailed on this
17th day of July, 2013 to:

V.L. Woolston
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101
*Attorneys for Defendant Honeywell International Inc.*

By: */s/ Tanika Sherman*